UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. HERRERA,<br><br>              Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>              Defendants. | No.  2:24-cv-1660 DJC CSK P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

I.       Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's second motion for a preliminary injunction and temporary restraining order, which was filed on July 8, 2024.  (ECF No. 8.)  For the reasons stated herein, this Court recommends that plaintiff's second motion for injunctive relief be denied.

II.      Legal Standards

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons

1  why it should not be required." Fed. R. Civ. P. 65(b).

2  Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. E.D. Cal. Local Rule 231(a)-(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an

2

inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.  Background

Plaintiff filed his complaint on June 10, 2024. (ECF No. 1.) On June 14, 2024, this Court granted plaintiff thirty days to file an in forma pauperis affidavit or pay the filing fee. (ECF No. 3.) The Court has not screened plaintiff's complaint because it is awaiting plaintiff's response to the June 14, 2024 Order.

Named as defendants in the complaint are California State Prison-Sacramento ("CSP-Sac") Sergeant Akins, CSP-Sac Correctional Officers Mayfield and Rowberg, CSP-Sac Warden Lynch and CSP-Sac Captain Gomez. (ECF No. 1 at 3-4, 8.) Plaintiff alleges that on October 4, 2023, plaintiff was called out of his cell and told that the Sergeant wanted to speak with him. (Id. at 5.) When plaintiff got to the office, defendant Akins had handcuffs out. (Id.) Defendant Akins told plaintiff that he was taking plaintiff's cell and that plaintiff had to cuff up because he was sending plaintiff to administrative segregation ("ad seg"). (Id.) Plaintiff asked if this was due to plaintiff's numerous complaints on officials at CSP-Sac. (Id.) Defendant Akins placed handcuffs on plaintiff and put plaintiff in the B-Facility holding cage at around 7:30 a.m. (Id.) Plaintiff kept calling out to correctional officers and defendant Akins that he needed to use the restroom. (Id.) Plaintiff's back and legs hurt because he had to stand up the whole time. (Id.)

3

Right before dinner, plaintiff saw defendants Mayfield and Rowberg.  (Id.)  Plaintiff told defendant Mayfield that he was in a lot of pain  (Id)  Plaintiff stated that he had been in the cage for over 12 hours without water or his mental health medication.  (Id. at 6.)  Defendant Mayfield laughed.  (Id.)  Plaintiff alleges that defendant Captain Gomez had full knowledge of the violations and was "acting as the person controlling these incidents I was placed in."  (Id. at 8.)  Plaintiff alleges that defendants violated the Eighth Amendment by making plaintiff stand in the holding cell for over 12 hours.  (Id. at 6-8.)

Plaintiff filed his first motion for injunctive relief on June 17, 2024.  (ECF No. 4.)  On June 24, 2024, this Court recommended that plaintiff's first motion for injunctive relief be denied because plaintiff failed to demonstrate a threat of real and immediate harm from defendants.  (ECF No. 5 at 6.)  This Court also recommended that plaintiff's first motion for injunctive relief be denied because it sought relief regarding claims not raised in the complaint.  (Id. at 6-7.)

IV.     Second Motion for Injunctive Relief

Plaintiff's second motion for injunctive relief is addressed to defendant Lynch, the B yard captain, lieutenants and correctional officers.  (ECF No. 8 at 1.)  Plaintiff requests that all CSP-Sac officials who he filed misconduct complaints against be ordered to keep away from plaintiff.  (Id. at 1-2.)  Plaintiff alleges that CSP-Sac refuses to protect plaintiff from retaliation and harassment and allows officers to retaliate against, intimidate, assault and kill EOP[1] patients.  (Id. at 2.)  Plaintiff alleges that he is physically and emotionally abused by California Department of Corrections and Rehabilitation ("CDCR") employees.  (Id.)  Plaintiff does not link any defendant to these claims, and these claims do not appear to be related to the claims raised in the complaint regarding the October 4, 2023 incident.  The Court cannot grant injunctive relief regarding claims not raised in the complaint.  See Queen's Med. Ctr., 810 F.3d at 633.

---

[1] "EOP" refers to Enhanced Outpatient Program.  Inmates who receive enhanced outpatient program care are designated "EOP" by California Department of Corrections and Rehabilitation Mental Health Services because they are receiving mental health care services.  Martinez v. Tilton, 2015 WL 1198739, at *7 (E.D. Cal. March 16, 2015).  "EOP is characterized by a separate housing unit and structured activities for mentally ill inmate-patients who, because of their illness, experience adjustment difficulties in a General Population ('GP') setting, yet are not so impaired as to require 24-hour patient care."  Id.

Plaintiff's second motion for injunctive relief contains the following claims of misconduct by specific prison officials. Plaintiff alleges that on June 14, 2024, G. Herrera and defendant Mayfield were allowed to handle and assault plaintiff in front of kids and family. (ECF No. 8 at 2.) Plaintiff alleges that Correctional Officer Moreno continues to harass and target plaintiff. (Id. at 3.) Plaintiff alleges that on June 27, 2024, plaintiff told two sergeants and the captain that Correctional Officer Moreno was continually harassing plaintiff and they needed to talk to Moreno and move Moreno away from plaintiff. (Id.) Plaintiff alleges that on June 27, 2024, Sergeant Ware came to plaintiff's cell because plaintiff refused to go to the program office. (Id. at 4.) Plaintiff asked Sergeant Ware to leave his body camera on during this interview. (Id. at 5.) Sergeant Ware turned his body camera off because he was trying to conduct a confidential interview. (Id.) Sergeant Ware refused to turn his body camera on. (Id.)

Plaintiff's claims of misconduct by specific prison officials are unrelated to the claims raised in the complaint regarding the October 4, 2023 incident. The Court cannot grant injunctive relief regarding claims not raised in the complaint. See Queen's Med. Ctr., 810 F.3d at 636. Plaintiff's claims regarding the June 2024 incidents should be raised in a separate action.[2]

For the reasons discussed above, this Court recommends that plaintiff's second motion for injunctive relief be denied. Plaintiff is advised that if he continues to file motions for injunctive relief in the instant action regarding matters not raised in the complaint in the instant action, this Court may impose sanctions.

In the second motion for injunctive relief, plaintiff also requests an extension of time to "file everything" the Court ordered from plaintiff. (ECF No. 8 at 5-6.) Plaintiff is granted a second extension of thirty days to submit his application to proceed in forma pauperis or pay the filing fee. The Court also grants Plaintiff a thirty day extension to file written objections to the June 24, 2024 findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to submit his application to

---

[2] This is not a finding that plaintiff's allegations regarding the June 2024 incidents state a cognizable claim.

        proceed in forma pauperis or pay the filing fee; failure to comply with this order will result in a recommendation that this action be dismissed; and

2. Plaintiff is granted thirty days from the date of this order to file written objections to the June 24, 2024 findings and recommendations.

IT IS HEREBY RECOMMENDED that plaintiff's second motion for injunctive relief (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 10, 2024

*[signature]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.inj(2)

2