UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. HERRERA, | No. 2:24-cv-1660 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

Named as defendants are Warden Lynch, Sergeant Akins, Captain Gomez, Correctional Officer Mayfield and Lieutenant Raubery. The alleged deprivations occurred at California State Prison-Sacramento ("CSP-Sac"). Plaintiff alleges that on October 3, 2023, he was called out of his cell by the unit control booth and told that defendant Akins wanted to speak with plaintiff. (ECF No. 1 at 5.) When plaintiff arrived at the office, defendant Akins told plaintiff that defendant Akins was taking plaintiff's cell and that plaintiff was being sent to administrative segregation. (Id.) Plaintiff asked defendant Akins if this was due to plaintiff's numerous complaints regarding CSP-Sac officials and how the officers kept violating plaintiff's rights. (Id.)

Plaintiff was placed in handcuffs and defendant Akins put plaintiff in the B-Facility holding cage at around 7:30 a.m. (Id.) After a few hours, plaintiff asked the correctional officers near the cage if plaintiff could speak to defendant Akins, but the correctional officers did not answer plaintiff. (Id.) Plaintiff kept calling out to the correctional officers and defendant Akins because plaintiff had to use the restroom, his back was starting to hurt, his legs were in pain and plaintiff was standing the whole time he was in the holding cage. (Id.) Right before dinner, plaintiff saw defendants Mayfield and Raubery.[1] (Id.) Plaintiff told defendant Mayfield that plaintiff was in a lot of pain, this was not right and that they were refusing to let plaintiff sit down and use the restroom properly. (Id. at 5-6.) Plaintiff had been in the cage for over 12 hours without water or his mental health medication. (Id.) Defendant Mayfield laughed. (Id.) Plaintiff told defendant Raubery that "all this" violated plaintiff's civil rights and that plaintiff was being held in the cage because plaintiff filed grievances. (Id. at 6.) Defendant Raubery looked at

---

[1] Plaintiff appears to identify defendant Lieutenant Raubery as defendant Lieutenant Rowberg in this allegation. If plaintiff intended to name Lieutenant Rowberg as a separate defendant, plaintiff shall clarify this matter in an amended complaint.

3

1  plaintiff and walked away.  (Id.)

2  Plaintiff claims that defendants Akins, Mayfield and Raubery violated the Eighth
Amendment when they forced plaintiff to stand in the holding cell for over 12 hours.  (Id. at 6-8.)
This Court finds that plaintiff's complaint states potentially colorable Eighth Amendment claims
against defendants Akins, Mayfield and Raubery.

Plaintiff also claims that defendants Akins, Mayfield and Raubery violated the Fourteenth
Amendment when they forced plaintiff to stand in the holding cell for over 12 hours.  (Id.)  The
grounds of plaintiff's Fourteenth Amendment claim against defendants Akins, Mayfield and
Raubery are unclear.  For this reason, plaintiff's Fourteenth Amendment claim is dismissed.  If
plaintiff files an amended complaint, plaintiff shall clarify how defendants Akins, Mayfield and
Raubery allegedly violated the Fourteenth Amendment when they forced plaintiff to stand in the
holding cell for over 12 hours.

Plaintiff alleges that defendant Gomez was the Captain and allowed plaintiff to be
targeted, harassed, threatened and had full knowledge of the violations because he was "acting as
the person controlling these incidents I was placed in."  (Id. at 8.)  The Civil Rights Act under
which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend
§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371
(1976) (no affirmative link between the incidents of police misconduct and the adoption of any
plan or policy demonstrating their authorization or approval of such misconduct).  "A person
'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
does an affirmative act, participates in another's affirmative acts or omits to perform an act which
he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

4

1 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2 Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's claims against defendant Gomez are vague and conclusory. Plaintiff pleads no facts supporting his claim that defendant Gomez allowed plaintiff to be targeted and harassed. Plaintiff also pleads no facts supporting his claim that defendant Gomez had full knowledge of plaintiff's alleged placement in the holding cell for over 12 hours. For these reasons, plaintiff fails to state a potentially colorable claim against defendant Gomez.

Plaintiff's complaint contains no allegations against defendant Warden Lynch. Accordingly, defendant Warden Lynch is dismissed because defendant Warden Lynch is not linked to any potentially colorable claim for relief. See Monell, 436 U.S. at 692.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Akins, Mayfield and Raubery with his Eighth Amendment claim or he may delay serving any defendant and attempt to cure the pleading defects as to his other claims discussed above. If plaintiff elects to proceed forthwith against defendants Akins, Mayfield and Raubery with his Eighth Amendment claim, then within thirty days, plaintiff must so elect on the attached form. In this event, the court will construe plaintiff's election as consent to dismissal of the remaining claims raised in the complaint without prejudice. Under this option, plaintiff does not need to file an amended complaint.

///

Or, plaintiff may delay serving any defendant and attempt to cure the pleading defects discussed above. If plaintiff elects to attempt to amend his complaint, he has thirty days to do so. **Plaintiff is not granted leave to add new claims or new defendants**.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims, but for the Eighth Amendment claims against defendants Akins, Mayfield and Raubery, are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects discussed in this order.  Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state cognizable Eighth Amendment claims against defendants Akins, Mayfield and Raubery.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  July 25, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.14o2

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-1660 DJC CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____   Plaintiff opts to proceed with the Eighth Amendment claims against defendants Akins, Mayfield and Raubery.  Under this option, plaintiff consents to dismissal of all other claims raised in the complaint without prejudice.

**OR**

\_\_\_\_\_   Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff

1