UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. HERRERA, | No. 2:24-cv-1660 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' motion to compel plaintiff's deposition and plaintiff's request to remove defense counsel. (ECF Nos. 46, 49.) For the following reasons, defendants' motion to compel is granted, plaintiff's motion to remove defense counsel is denied, and discovery is reopened for the limited purpose of permitting defendants to complete plaintiff's deposition.

## II. MOTION TO COMPEL

### A. Legal Standards

Because the motion to compel was filed after discovery closed on August 29, 2025, this Court analyzes defendants' motion under the legal standards for motions to compel and motions to reopen discovery.

1

1. <u>Motion to Compel</u>

Defendants are entitled to conduct discovery, which includes taking the deposition of plaintiff, to obtain information pertaining to the factual allegations, legal claims and defenses at issue in this action. Fed. R. Civ. P. 26(b)(1), 30. Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). In particular, this type of motion may be made if a deponent fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ P. 37(a)(4). If the motion is granted and the deponent thereafter fails to comply with the court's order to answer a deposition question, the failure may be treated as contempt of court and the court may issue a variety of sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b).

2. <u>Motion to Reopen Discovery</u>

Once a scheduling order has been filed pursuant to Federal Rule of Civil Procedure 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit instructs district courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent[;] (2) whether the request is opposed[;] (3) whether the non-moving party would be prejudiced[;] (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and (6) the likelihood that the discovery will lead to relevant evidence.

<u>City of Pomona v. SQM N. Am. Corp.</u>, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citations omitted). Furthermore, "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under [Rule] 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

///

///

**B. Discussion**

    1. <u>Defendants' Position</u>

In support of the motion to compel, defendants state that on June 25, 2025, defendants deposed plaintiff, with plaintiff appearing from the California State Prison-Los Angeles County (CSP-LAC) and defense counsel and the court reporter appearing by video. (ECF No. 49 at 3.) During the deposition, which began at 9:06 a.m., defense counsel observed plaintiff was disoriented, lethargic and unfocused. (<u>Id.</u>) Plaintiff frequently slurred his words, mumbled his answers, gave disjointed or nonresponsive statements, and at times appeared to fall asleep. (<u>Id.</u>) At approximately 9:29 a.m., defense counsel texted his supervisor, expressing his concerns that plaintiff was under the influence of a substance because he was mumbling and continued to get confused or distracted. (<u>Id.</u>) At approximately 10:10 a.m., defense counsel paused the deposition for a recess. During the break, the court reporter emailed defense counsel, stating that plaintiff was "sniffing or sucking on something." (<u>Id.</u>) Defense counsel observed plaintiff inhaling an unknown substance from a container in his shirt pocket. (<u>Id.</u>) At 10:32 a.m., defense counsel emailed the litigation coordinator to report what he and the court reporter had observed. (<u>Id.</u>) When the deposition resumed after the break, defense counsel told plaintiff about his observations and that for plaintiff's health and safety, defense counsel had emailed the litigation coordinator. 6/25/2025 Plaintiff Depo. Tr. at 52:10-12. Defense counsel told plaintiff that once defense counsel heard back from the litigation coordinator, defense counsel intended to suspend the deposition and resume it another day. <u>Id.</u> at 52:13-16. Plaintiff denied being under the influence of any substance. <u>Id.</u> at 52:25-53:1-6. Due to a miscommunication between counsel and the litigation coordinator, plaintiff was removed from the room by custody staff prior to the deposition being terminated. <u>Id.</u> at 59:7-9, 61:1-6. Defendants terminated the deposition at 11:11 a.m. <u>Id.</u> at 59-60.

As a result, defendants move to compel plaintiff's further deposition to ensure that plaintiff adequately participates in the deposition while not under the influence of any non-prescribed substances.

Attached to the motion to compel is a copy of the rules violation report charging plaintiff

3

with disobeying an order.  (ECF No. 49 at 47-48.)  The report states that on June 25, 2025, plaintiff was put in a holding cell and refused to provide a urine sample.  (Id. at 48.)  The rules violation report was later reduced to a counseling chrono.  (Id. at 4, 48.)

2. Plaintiff's Position

Plaintiff did not file an opposition to defendants' motion to compel.  However, on August 25, 2025, plaintiff filed the pending request to remove defense counsel, which addresses the circumstances of the deposition, and a request for a sixty day extension to respond to defendants' written discovery requests.  (ECF No. 46.)  In a separate order, the Court granted Plaintiff until October 24, 2025 to serve his responses.  (ECF No. 50.)

In plaintiff's August 25, 2025 filing, plaintiff states that during the June 25, 2025 deposition, defense counsel falsely accused plaintiff of doing drugs during the deposition.  (Id. at 1.)  Plaintiff states that during the deposition, he informed defense counsel that he was not feeling well.  (Id. at 2.)  Plaintiff states that at the time of the deposition, custody staff were standing right outside the room.  (Id.)  On the day of the deposition, plaintiff was very sick and on medication.  (Id.)  Plaintiff states that before he was taken to the deposition, plaintiff agreed to an unclothed body search and was thoroughly searched before he came out of his cell.  (Id. at 3.)  Plaintiff states that after he was removed from the deposition, prison officials asked plaintiff to give a urine sample.  (Id.)  Plaintiff states that he was later falsely charged with refusing to give a urine sample.  (Id.)  Plaintiff appears to claim that after being removed from the deposition, he was placed in a holding cage, where plaintiff threw up and defecated at the same time, possibly due to diabetic medicine plaintiff was taking.  (Id.)  Plaintiff states that he asked to be taken to his cell where plaintiff would give the urine sample.  (Id. at 4.)  Plaintiff states that he has been in prison for a very long time and has never refused to give a urine sample.  (Id.)  Plaintiff states that it was well documented that he was sick and had not been able to get out of his bed for weeks to do his normal program.  (Id. at 7.)

At the deposition, plaintiff testified that he was sick:

> Q: And I notice that, you know, you seem a little tired and a little sleepy.  And I'm wondering are any of the medications that you are currently on causing you to feel a little tired?

4

> A: I'm—I'm sick, yeah. I mean, I been—I been real—very sick. You hear me? So I'm taking—I'm coming down—like, I'm on a lot of medication right now anyway because I'm sick. I'm under the weather.
>
> Q: Okay.
>
> A: I just—I was on antibiotics. And the antibiotics, I just had strep throat and all of that. So yeah.

6/25/2025 Plaintiff Depo. Tr. at 24:4-16.

### 3. Analysis

For the following reasons, defendants' motion to compel is granted. As discussed above, defendants are entitled to take plaintiff's deposition. This Court need not reach the cause of plaintiff's condition at the deposition because, regardless of the cause, defendants were unable to complete plaintiff's deposition. For these reasons, defendants' motion to compel is granted. See Fed. R. Civ. P. 26(b)(1), 30.

For the following reasons, this Court finds good cause to reopen discovery so that defendants may conduct a further deposition of plaintiff. Except for plaintiff's responses to defendants' written discovery, discovery closed on August 29, 2025.[1] (ECF No. 44.) Applying the six factors to reopen discovery set forth above, this Court first finds that trial is not imminent because no trial date has been set. As to the third factor, there is no prejudice to plaintiff in permitting defendants to complete plaintiff's deposition. As to the fourth factor, defendants were diligent in seeking to depose plaintiff. As to the fifth factor, it was foreseeable that defendants would need to further depose plaintiff following the June 25, 2025 deposition. In making this finding, this Court finds that there is no evidence that defense counsel acted in bad faith during the deposition when he expressed concerns for plaintiff based on plaintiff's conduct at the deposition. As to the final factor, the further deposition of plaintiff will likely lead to relevant evidence. Though it appears that plaintiff opposes defendants' request to compel a further deposition (second factor), this Court finds that the other five factors weigh in favor of re-opening

---

[1] The Court previously granted plaintiff's request for an extension until October 24, 2025 to serve his responses. (ECF No. 50.)

1  discovery to allow defendants to complete plaintiff's deposition. In this analysis, the Court does
2  not make and need not make any findings as to the parties' arguments regarding the cause of
3  plaintiff's condition during the June 25, 2025 deposition, whether any substances were ingested
4  during the deposition, or conduct after the deposition.

5        Turning to the length of plaintiff's further deposition, Federal Rule of Civil Procedure
6  30(d)(1) provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of
7  seven hours but that "the court must allow additional time consistent with Rule 26(b)(1) and (2) if
8  needed to fairly examine the deponent or if the deponent, another person, or any other
9  circumstances impedes, or delays, the examination." Fed. R. Civ. P. 30(d)(1). In the motion to
10 compel, defendants claim that plaintiff's deposition was suspended due to plaintiff's condition,
11 which impeded defendants' fair examination of plaintiff. (ECF No. 49 at 6.) Defendants request
12 that they be allowed to continue plaintiff's deposition beyond the normal single-day limit to
13 obtain the discovery needed for their defense. (Id.) Good cause appearing, defendants' request is
14 granted, discovery is reopened, and the further deposition of plaintiff may be taken in one day for
15 up to seven hours.[2]

16       Plaintiff is cautioned that if he refuses to participate in the further deposition, defendants
17 may move for sanctions, including terminating sanctions.

18       Discovery is reopened for 45 days for the limited purpose of defendants' further
19 deposition of plaintiff. Because 45 days from the date of this order falls on a Saturday, discovery
20 is reopened up to and including November 24, 2025 for defendants to complete the further
21 deposition of plaintiff.

22 **III. PLAINTIFF'S REQUEST TO REMOVE DEFENSE COUNSEL**

23       Plaintiff requests that the Deputy Attorney General who conducted the deposition be
24 removed from this action because he falsely accused plaintiff of being impaired at the deposition.
25 (ECF No. 46.) This Court does not have the authority to remove the Deputy Attorney General
26 from this action. To the extent plaintiff seeks sanctions against the Deputy Attorney General

---

[2] The deposition transcript from the June 25, 2025 deposition reflects that it began at 9:06 a.m. and ended at 11:11 a.m.

based on the June 25, 2025 deposition, this Court finds no grounds for sanctions. Accordingly, plaintiff's request to remove the Deputy Attorney General is denied.

### IV. PRETRIAL MOTION DEADLINE

The current pretrial motion deadline is November 21, 2025. (ECF No. 44.) Because discovery is reopened up to and including November 24, 2025, the pretrial motion deadline is reset to Friday, January 9, 2026.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to remove defense counsel (ECF No. 46) is denied;

2. Defendants' motion to compel plaintiff's further deposition (ECF No. 49) is granted;

3. Discovery is reopened up to and including November 24, 2025 for the limited purpose of defendants completing plaintiff's further deposition; and

4. The pretrial motion deadline of November 21, 2025 is vacated and reset to Friday, January 9, 2026.

Dated: October 9, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.com/2