UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LYNCH et al.,<br><br>　　　　Defendants. | No.  2:24-cv-01660 DJC CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

　　Plaintiff is a state prisoner, proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are plaintiff's unopposed motion to compel and unopposed motion to compel the California Department of Corrections and Rehabilitation ("CDCR") to make copies.  (ECF Nos. 52, 56.)  For the following reason, plaintiff's motions are denied.

**II. BACKGROUND**

　　Pursuant to the Discovery and Scheduling Order filed May 5, 2025, the discovery deadline was August 29, 2025 and all requests for discovery were to be served not later than sixty days prior to that date, i.e. June 30, 2025.  (ECF No. 44 at 5.)  Responses to discovery requests were due forty-five days after the request was served.  (Id.)  On August 25, 2025, plaintiff filed a motion for a sixty-day extension of time to serve defendants with responses to defendants'

1

request for admissions and request for production of documents. (ECF No. 46.) On September 11, 2025, this Court granted plaintiff's motion for extension of time. (ECF No. 50.) This Court ordered plaintiff to serve defendants with responses to the request for admissions and request for production of documents on or before October 25, 2025. (Id.) On October 9, 2025, this Court granted defendants' motion to compel plaintiff's further deposition and reopened discovery up to and including November 24, 2025 for the limited purpose of defendants completing plaintiff's deposition. (ECF No. 51.) On October 31, 2025, this Court granted defendants' motion to extend the deadline to complete plaintiff's deposition to December 8, 2025. (ECF No. 55.)

### III.  MOTION TO COMPEL

This Court finds that plaintiff's motion to compel was filed on October 8, 2025, i.e., the date plaintiff apparently signed the motion. (ECF No. 52 at 1.) See Houston v. Lack, 487 U.S. 266, 276 (1988) (pro se prisoner filing is deemed filed when delivered to prison authorities for mailing); Butler v. Long, 752 F.3d 1177, 1178 n. 1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."). For the following reasons, plaintiff's motion to compel is denied as untimely.

Plaintiff appears to move to compel defendants to respond to a request for production of documents signed by plaintiff on June 30, 2025 and mailed to defendants on July 8, 2025. (Id. at 1-5.) Plaintiff appears to claim that he did not receive a response to the request for production of documents. (Id.) Plaintiff attaches to the motion to compel a copy of the envelope in which he apparently mailed the request for production of documents, signed by prison officials on July 8, 2025. (Id. at 5.) In the motion to compel, plaintiff claims that he has had issues with his mail coming up missing or not being fully processed when mailed to the sender. (Id. at 1-2.) Plaintiff claims that when he addressed an envelope to the Attorney General's Office, the envelope was withheld and not sent back to plaintiff for a while. (Id. at 2.) Plaintiff claims that his legal mail has been withheld from him for weeks and months. (Id.)

Assuming plaintiff delivered his request for production of documents to prison officials for mailing on June 30, 2025, plaintiff's request for production of documents was timely served pursuant to the mailbox rule. Defendants had forty-five days from June 30, 2025 to serve

plaintiff with their response to the request for production of documents, i.e., until August 14, 2025.  As discussed above, the deadline to file a motion to compel was August 29, 2025. Plaintiff's motion to compel, filed October 8, 2025, is not timely.  In the pending motion, plaintiff fails to address why he did not file a timely motion to compel regarding the request for production of documents.  If plaintiff claims that he attempted to mail a timely motion to compel but prison officials failed to mail the timely motion to compel, plaintiff does not explain why he waited over one month after the discovery deadline to file the pending motion.  If plaintiff claims that prison officials did not mail the request for production of documents to defendants, plaintiff should have brought this to the Court's attention before the discovery deadline.  If plaintiff claims that prison officials failed to deliver to plaintiff defendants' response to the request for production of documents, plaintiff also should have brought this to the Court's attention before the discovery deadline.  For these reasons, plaintiff's motion to compel is denied as untimely.

### IV.  MOTION TO COMPEL CDCR TO MAKE COPIES

As discussed above, on September 11, 2025, this Court ordered plaintiff to serve defendants with responses to request for admissions and request for production of documents on or before October 25, 2025.  (ECF No. 50.)  In the pending motion, filed October 19, 2025 pursuant to the mailbox rule, plaintiff states that on or around October 8, 2025, plaintiff's counselor informed plaintiff that her supervisor would not copy the 701 pages of documents requested by plaintiff which respond to defendants' request for production of documents.  (ECF No. 56 at 4.)  The supervisor stated that plaintiff's account showed insufficient funds to pay for the copies.  (Id.)  Plaintiff requests that the Court order prison officials to make copies for plaintiff when he requests them for discovery reasons and for himself.  (Id.)

Defendants did not respond to plaintiff's motion to compel CDCR to make documents and nor did defendants file a motion to compel plaintiff to respond to the request for production of documents.  Accordingly, this Court orders that if defendants did not receive plaintiff's responses to the request for production of documents, defendants shall contact prison officials at California State Prison-Lancaster ("CSP-Lac") where plaintiff is incarcerated to determine plaintiff's ability to respond to defendants' request for production of documents.  In the alternative, defendants may

3

arrange for plaintiff to bring his documents that respond to the request for production of documents to plaintiff's deposition and arrange for the documents to be copied at the deposition. For these reasons, plaintiff's motion to compel CDCR to make copies is denied as unnecessary.

To the extent plaintiff also seeks an order directing prison officials to make copies when plaintiff requests copies, this request is denied. Plaintiff does not demonstrate that he is currently unable to litigate this action based on the failure of prison officials to make copies of documents. In the pending motion, plaintiff also requests that CDCR be held accountable for tampering with plaintiff's mail. (ECF No. 56 at 1.) Plaintiff claims that his mail is being destroyed, withheld or delayed. (Id.) Plaintiff fails to demonstrate that prison officials tampered with any mail related to the instant action. For this reason, plaintiff's request for an order addressing alleged mail tampering is denied. Plaintiff also requests that he be allowed to amend his complaint in another action he is proceeding with, case no. 1:25-cv-0055 GSA. (Id. at 2.) Plaintiff's request to amend his complaint in case no. 1:25-cv-055 GSA should be raised in that action and not the instant action. Finally, in the pending motion plaintiff claims that prison officials denied plaintiff's wife her family visit with plaintiff. (Id.) This action proceeds against defendants located at California State Prison-Sacramento ("CSP-Sac"). (ECF No. 20.) Plaintiff's claim regarding his wife's alleged denial of family visits concerns events at CSP-Lac. This Court is unable to issue orders against prison officials at CSP-Lac because they are not parties to the pending action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Accordingly, plaintiff's apparent request for an order addressing family visits at CSP-Lac is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 52) is denied; and

2. Plaintiff's motion to compel CDCR to make copies (ECF No. 56) is denied.

Dated: November 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.com(2)/2