UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HERRERA,

Plaintiff,

v.

LYNCH, et al.,

Defendants.

No. 2:24-cv-1660 DJC CSK P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' summary judgment motion. (ECF No. 59.) For the reasons discussed below, this Court recommends that defendants' summary judgment motion be granted in part and denied in part.

**I. PLAINTIFF'S COMPLAINT**

This action proceeds on plaintiff's complaint filed June 10, 2024 against defendants Sergeant Akins, Correctional Officer Mayfield and Lieutenant Ronneberg.[1] (ECF No. 1.) Plaintiff claims that on October 3, 2023, plaintiff was called out of his cell and told that defendant Akins wanted to speak with him. (Id. at 5.) When plaintiff arrived at the office, defendant Akins told plaintiff to "cuff up" because plaintiff was being sent to administrative segregation ("ad

[1] The complaint identified defendant Ronneberg as defendant Raubery. Defendants clarified the spelling of defendant Ronneberg's name their pleadings.

seg"). (Id.) After the handcuffs were applied, defendant Akins put plaintiff in the B Facility holding cell at around 7:30 a.m. (Id.) After a few hours, plaintiff asked the correctional officers standing around the holding cell if plaintiff could speak with defendant Akins, but the correctional officers did not answer plaintiff. (Id.) Plaintiff kept calling out to the correctional officers and defendant Akins that plaintiff had to use the restroom, that his back was starting to hurt and that his legs were in pain due to standing the whole time. (Id.) Right before dinner, plaintiff saw defendants Mayfield and Ronneberg. (Id.) Plaintiff told defendant Mayfield that he was in a lot of pain. (Id.) Plaintiff stated that he was being tortured because the defendants and the other correctional officers would not let plaintiff sit down and use the restroom properly. (Id. at 6.) Plaintiff stated that he had been in the cage for over 12 hours without water and his mental health medication. (Id.) Defendant Mayfield laughed. (Id.) Plaintiff told defendant Ronneberg that plaintiff's civil rights were being violated. (Id.) Defendant Mayfield looked at plaintiff and walked away. (Id.) Plaintiff claims that he was forced to use the restroom on himself. (Id.)

This action proceeds on plaintiff's claim that defendants Akins, Mayfield and Ronneberg violated the Eighth Amendment when they forced plaintiff to stand in the holding cell for over 12 hours. (ECF Nos. 12, 19.)

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing

Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled on other grounds as stated in Flood v. Miller, 35 F. App'x 701, 703 n.3 (9th Cir. 2002).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce

the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's notes to 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson v. Liberty Lobby, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By notice filed on January 9, 2026, plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 59-5) (citing Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).).

## III. DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendants' summary judgment motion raises the following arguments: (1) the temporary confinement in a holding cell with restrictive or unpleasant conditions does not violate the Eighth Amendment; (2) temporary lack of access to water or toilets does not violate the Eighth Amendment; (3) plaintiff's Eighth Amendment rights were not violated based on missed medication; and (4) defendants did not disregard an excessive risk to plaintiff's health when they allegedly ignored plaintiff's complaints from standing. (ECF No. 59-1 at 13-18.) Defendants also argue that they are entitled to qualified immunity. (Id. at 19-20.)

### A. Alleged Denial of Medication

Defendants move for summary judgment as to this claim on three grounds. First,

defendants argue that plaintiff's medical records reflect that plaintiff was offered his morning medication but refused to accept the medication. (ECF No. 59-1 at 16.) Second, defendants argue that isolated instances of missing medication doses are not Eighth Amendment violations. (Id.) Third, defendants argue that they are custody officers, not medical staff, and accordingly are not responsible for distributing medications. (ECF No. 59-1 at 17.) For the following reasons, this Court finds that defendants are entitled to summary judgment on the third ground raised. For this reason, this Court need not address defendants' first and second grounds for summary judgment as to this claim.

Defendants argue that plaintiff does not allege that defendants prevented medical staff from providing his medication, only that said medication was never provided. (Id.) Defendants argue that to the extent the missed doses of medication are held to be a sufficiently serious deprivation, defendants are entitled to summary judgment as such claims would be against the medical staff who allegedly failed to provide plaintiff with his medication. (Id.) This Court finds that these arguments are sufficient to meet defendants' initial summary judgment burden as to this claim.

In his opposition, plaintiff claims that defendants denied him his medication. (ECF No. 61 at 10.) However, plaintiff does not dispute defendants' argument that medical staff, and not custody officers such as defendants, are responsible for distributing medication. Plaintiff also does not claim that defendants prevented medical staff from providing his medication or provide evidence to support such a claim. (ECF Nos. 61, 62.) Accordingly, given the absence of evidence linking defendants to plaintiff's alleged failure to receive his medication, this Court recommends that defendants be granted summary judgment as to this claim.

**B. Remaining Claims**

1. Undisputed Facts/Factual Background

Defendants do not dispute plaintiff's claim that he was placed in the holding cell around 7:30 a.m. and released approximately twelve hours later. Defendants also do not dispute plaintiff's claim that he was in a "dry cell," which did not have a sink, toilet or running water. Defendants also do not dispute plaintiff's claim that he could not sit down in the holding cell.

However, defendants contend that plaintiff was not forced to stand for twelve continuous hours, as plaintiff alleges. (ECF No. 59-1 at 18-19.) Defendants claim that plaintiff's medical evaluation that occurred during the morning of October 3, 2023 occurred outside the cell. (Id. at 18 (citing undisputed fact no. 8).) Defendants claim that medical records show that plaintiff was released from the holding cell for a medical evaluation at 12:57 p.m. and returned at approximately 1:34 p.m. (ECF No. 59-2 at 3 (defendants' undisputed facts nos. 7, 9).) At his deposition, plaintiff testified that he was not released from his cell to visit medical. When asked, "So you didn't visit medical or anything?" plaintiff responded, "No. When the medical came, they came to see m[e] right there in the cage." (Plaintiff's deposition at p.27:16-18.) Making all reasonable inferences in plaintiff's favor, this Court finds that plaintiff did not leave the holding cell for a medical evaluation.

Defendants do not dispute that plaintiff was denied access to water while in the holding cell. Defendants argue that plaintiff's claim that he was denied toilet access and forced to urinate on himself is denied by plaintiff's administrative grievance where he admitted that defendant Mayfield provided him with a portable urinal. (ECF No. 59-1 at 14; ECF No. 1 at 11.) After reviewing plaintiff's opposition, it appears that plaintiff's claim that he was denied access to a toilet is based on his claim that he defecated on himself, rather than urinated on himself, as a result of not being provided access to a toilet. (ECF No. 61 at 9-10; see also Plaintiff's deposition at p.35:4-5; p. 36:4-13.)

2. Legal Standards

The Eighth Amendment to the U.S. Constitution protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violations. See Hudson v. McMillan, 503 U.S. 1, 9 (1992). To succeed on an Eighth Amendment conditions of confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities (the objective component) and (2) the

defendant acted with deliberate indifference to the prisoner's health or safety (the subjective component). See Farmer, 511 U.S. at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Defendants' motion for summary judgment as to the remaining claims is based on the objective component of an Eighth Amendment claim.

3. Discussion

Defendants argue that plaintiff's temporary confinement in the holding cell pending his ad seg assignment does not rise to the level of an Eighth Amendment violation. (ECF No. 59-1 at 13-14.) Defendants argue that courts have routinely held that the Eighth Amendment is not violated when inmates are subjected to similar or longer periods of confinement or worse conditions of confinement. (ECF No. 59-1 at 13.) Defendants argue, "Here, plaintiff alleges only a twelve-hour period of confinement, in conditions far less restrictive and harsh than those which have been upheld as constitutional. Although remaining in the holding cell for twelve hours may have been uncomfortable, a temporary condition such as this is not unconstitutional." (Id.) In support of this argument, defendants cite Chappell v. Mandeville, 706 F.3d 1052 (9th Cir. 2013), and three unpublished Seventh Circuit cases, Jihad v. Wright, 1997 WL 471345 (7th Cir. Aug. 14, 1997), Stewart v. Wright, 1996 WL 665978 (7th Cir. Nov. 14, 1996) and Goetsch v. Berge, 3 Fed. Appx. 551 (7th Cir. 2001). (Id.)

In Chappell, the Ninth Circuit addressed various conditions to which the plaintiff was exposed during contraband watch. The Ninth Circuit found that the defendants were entitled to qualified immunity because at the time the plaintiff was on contraband watch, the law was not clearly established as to whether the conditions plaintiff experienced, either in isolation or combination, violated the Eight Amendment. 706 F.3d at 1058. The Ninth Circuit addressed plaintiff's claims regarding continuous lighting, mattress deprivation, and plaintiff's claims that he was "taped into two pairs of underwear and jumpsuits, placed in a hot cell with no ventilation, chained to an iron bed, shackled at the ankles and waist so that he could not move his arms, and

was forced to eat like a dog." Id. at 1057-62. In discussing these claims, the Ninth Circuit considered that plaintiff was on contraband watch. See id. The Ninth Circuit stated that because defendants were entitled to qualified immunity, "we do not consider whether these conditions amounted to an actual Eighth Amendment violation." Id. at 1062 n.4. Because Chappell involved a prisoner on contraband watch and different alleged Eighth Amendment violations, and the Ninth Circuit did not decide whether the challenged conditions violated the Eighth Amendment, this Court is not persuaded by defendants' citation to Chappell.

In Jihad, the plaintiff was placed in a dry cell for 72 hours upon his transfer to a new prison pursuant to a policy designed to prevent transferred inmates from internally smuggling contraband. See 1997 WL 471345, at *1. An inmate in a dry cell does not have access to free running water and is not allowed to flush their toilet. See id. Instead, correctional officers are responsible for turning on the water and flushing toilets every four hours and for providing personal hygiene items once a day. See id. The plaintiff claimed that he was denied running water and hygiene items for the duration of his dry cell occupancy and that flushing the toilet every four hours was not enough. See id. The Seventh Circuit found that the "culpability component" of deliberate indifference was lacking because plaintiff was confined to the dry cell for a legitimate purpose, i.e., to be monitored for contraband. See id. at *2. Regarding plaintiff's claims that he was denied the ability to wash his hands or to attend to his personal hygiene for three days, the Seventh Circuit found no Eighth Amendment violation because he alleged only discomfort from the smell of the unflushed toilet and that he developed a cyst from not being able to wash his hands. See id. The Seventh Circuit concluded, "[T]he harm he allegedly incurred is not sufficiently serious to support a claim under the Eighth Amendment." Id. Jihad is not persuasive as it is based on different facts than presented in the instant action. As discussed below, this Court finds persuasive more recent cases from this circuit based on facts similar to those raised in the instant action.

Defendants argue that in Stewart, the Seventh Circuit held that a three-day confinement in a dry cell without toilet paper, toothbrush, toothpaste in a "filthy roach infested cell" did not violate the Eighth Amendment. (ECF No. 59-1 at 13.) In Stewart, in relevant part, the Seventh

Circuit found that the plaintiff's Eighth Amendment argument failed because the conditions of the dry cell did not rise to the level of a constitutional violation: "Dry cell conditions such as not being able to flush the toilet or brush teeth are mere inconveniences. As the district court noted, Stewart did not allege that he could not use the toilet or obtain drinking water. He alleged only discomfort from the smell of the unflushed toilet, which was flushed every four hours by prison officers." 1996 WL 665978, at *1. In Stewart, the Seventh Circuit referred to Harris v. Fleming, 839 F.3d 1232, 1235 (7th Cir. 1988), where the Seventh Circuit found that ten days in a segregation unit without toilet paper, toothbrush or toothpaste, and in a "filthy, roach infested cell" did not constitute cruel and unusual punishment. See id. at *1. This Court is not persuaded by Stewart or Harris as they are based on facts different than those raised in the instant action. As discussed below, this Court finds persuasive more recent cases from this circuit based on facts similar to those raised in the instant action.

In Goetsch, the plaintiff alleged that he was claustrophobic and his placement in a small cell with a single window normally kept shuttered aggravated this condition. See 3 Fed. Appx. at 552. The Seventh Circuit stated that it doubted that the plaintiff's claim that he was placed in a shuttered cell despite his claustrophobia met the standard of alleging excessive risk to health and safety. See id. at 553. The Seventh Circuit stated, "[Plaintiff] has not cited, and we could not find, any cases holding that placing an individual with claustrophobia in such a cell creates an objectively serious danger, and given that confinement of prisoners in cells of limited size is inherent in imprisonment, we are hesitant to make such a finding outside of an extreme case." Id. The Seventh Circuit then stated that it need not decide whether plaintiff had alleged an objectively serious threat to his health or safety because his allegations failed to demonstrate deliberate indifference by the defendants. See id. In the pending summary judgment motion, defendants contend that in Goetsch the Seventh Circuit found that, "'[G]iven that confinement of prisoners in cells of limited size is inherent in imprisonment', the court refused to find an excessive risk to health and safety 'outside of an extreme case.'" (ECF No. 59-1 at 13.) Defendants' characterization of the Seventh Circuit's opinion in Goetsch regarding the objective component of the Eighth Amendment claim is not entirely accurate as the Seventh Circuit

declined to reach this issue. This Court does not find the Seventh Circuit's comments regarding the objective component on an Eighth Amendment claim persuasive as the facts of Goetsch are different from the instant action.

Finally, defendants argue that plaintiff's argument that the length of time he spent in the holding cell violated CDCR policy is not relevant to this matter, as this is not equivalent to the violation of state law. (ECF No. 59-1 at 13-14.) Defendants are correct. A state official's violation of prison policy is not grounds for a § 1983 claim unless it also violates a federal constitutional right. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (citing Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ([T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right ...")).

This Court finds that the cases cited by defendants (Chappell, Jihad, Stewart and Goetsch) do not demonstrate that plaintiff's confinement in the holding cell for twelve hours, during which time he could not sit down, did not rise to an Eighth Amendment violation as a matter of law. Defendants fail to discuss cases addressing claims based on confinement in holding cells. See Howard v. Carpenter, 2023 WL 9067757, at *5 (D. Nev. Oct. 23, 2023), findings and recommendations adopted, 2023 WL 8868813 (D. Nev. Dec. 22, 2023), affirmed on appeal, 2025 WL 1554960 (9th Cir. Jun. 2, 2025) (finding violation of objective component of Eighth Amendment claim based on inmate being put in a shower cage for eight hours, without access to food, water or a toilet, and was forced to stand for those eight hours); Mendez v. Morales, 2025 WL 566200 (E.D. Cal. Feb. 20, 2025), findings and recommendations adopted, 2025 WL 1002188 (E.D. Cal. Apr. 3, 2025) (finding no Eighth Amendment violation where prisoner confined in holding cell for 10.5 hours where he was able to sit and stand, and where he was, at a minimum, given water and his prescribed medicine); Buckley v. Presley, 163 Fed. Appx. 550, 552 (9th Cir. 2006) (finding that district court erred in granting summary judgment as to Eighth Amendment claim because "a reasonable jury could infer that Defendants acted with deliberate indifference from Buckley's allegations that Defendants forced him to stand in a weave mesh metal 'cage' for eleven hours wearing nothing but an athletic supporter, and ignored his

repeated requests for water and medical care."). Howard, Mendez and Buckley undermine defendants' argument that plaintiff's confinement in the holding cell for twelve hours, during which time he could not to sit down, did not rise to an Eighth Amendment violation. Accordingly, defendants' motion for summary judgment on these grounds should be denied.[2]

This Court also observes that the record contains evidence indicating that the holding cell was in the sun and plaintiff felt hot. In the grievance attached to the complaint, plaintiff claims that he was held in the holding cage for twelve hours in the sun without water. (ECF No. 1 at 11.) At his deposition, plaintiff testified, "I asked [defendant Ronneberg], I said I haven't used the bathroom, I have had no water, I haven't had my medication. I said it's hot out here." (Plaintiff's deposition at p.30:11-12.) Plaintiff testified that defendant Ronneberg ignored him. (Plaintiff's deposition at p.30:16-17.) Plaintiff testified, "It's a little cage right there in the sun." (Plaintiff's deposition at p.21:5.) Plaintiff also testified, "They didn't—they didn't bring me my medication. So it was around probably 11:00 or 12:00 or something, I was standing in the hot cage. And I had to go man down. Yeah. It was difficult for me to breathe and the sun was hot. Yeah, that day was horrible." (Plaintiff's deposition at p.21:7-11.) Plaintiff later testified that he complained to defendant Mayfield about "being in that hot cage." (Plaintiff's deposition at p.31:11-12.) The location of the holding cell and the temperatures to which plaintiff was exposed are also relevant to plaintiff's Eighth Amendment claim regarding his confinement in the holding cell. Defendants' summary judgment motion does not address these issues.

Defendants argue that plaintiff's claims that he was denied access to a toilet and water for twelve hours do not establish Eighth Amendment violations. (ECF No. 59 at 14-15.) Defendants also argue that plaintiff's temporary discomfort caused by standing, which led to back and leg pain, did not pose an objectively serious risk of harm to plaintiff's health in violation of the Eighth Amendment. (Id. at 17-19.) "'[S]ome conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone.'" Chappell v.

---

[2] Even if the Court found that plaintiff was released from the holding cell for approximately 37 minutes to attend a medical evaluation, as defendants claim, this Court would not find that plaintiff's confinement in the holding cell did not rise to an Eighth Amendment violation.

Mandeville, 706 F.3d 1052, 1061 (9th Cir. 2013) (quoting Wilson v. Seiter, 501 U.S. 294, 301 (1991)). Even if plaintiff's claims alleging denial of access to a toilet and water for twelve hours, and leg and back pain caused by standing for twelve hours, standing alone do not establish Eighth Amendment violations,[3] this Court finds that these claims in combination with plaintiff's Eighth Amendment claim based on his confinement in the holding cell for twelve hours, during which time he could not sit down, may rise to Eighth Amendment violations. For this reason, defendants' motion for summary judgment on the grounds that these claims do not rise to Eighth Amendment violations should be denied. See Howard, 2023 WL 9067757, at *5 ("This case involves an allegation Plaintiff was put in a shower cage for eight hours, without access to food, water, or a toilet, and was forced to stand for those eight hours (longer than in Hope) while he suffered from severe back pain. While any one of these conditions on their own may not violate the Eighth Amendment, a fact-finder could reasonably conclude these conditions constitute cruel and unusual punishment when taken together.");[4] Buckley, 163 Fed. Appx. at 553 (finding objective violations of Eighth Amendment where plaintiff forced to stand in metal cage for eleven hours, wearing only athletic supporter, and repeated requests for water and medical care ignored).

Finally, citing Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002), defendants argue that plaintiff's claim of back and leg pain do not state an Eighth Amendment claim because they are

---

[3] Plaintiff's claim that he was denied access to a toilet for twelve hours, standing alone, likely does not establish an Eighth Amendment violation. See Mendez, 2025 WL 566200, at *10 (finding no Eighth Amendment by prisoner who claimed deprivation of toilet access for 10.5 hours while in holding cell, which caused him to soil himself). While defendants cite cases finding no Eighth Amendment violations where inmates were denied access to water from 4.5 hours to 8 hours (ECF No. 59-1 at 15), none of these cases are factually similar to the instant action. Defendants claim that in Hartsfield v. Vidor, 199 F.3d 305, 309-10 (6th Cir. 1999), the Sixth Circuit found no Eighth Amendment violation where an inmate was held for two eight hour periods with no water. (ECF No. 59-1 at 15.) In Hartsfield, the plaintiff claimed he was denied water for two eight hour periods while placed on top-of-bed restraints. See 199 F.3d at 306. In finding no Eighth Amendment violation, the Sixth Circuit observed that the record showed that "opportunities to drink were provided to plaintiff while he was in restraints and that he took advantage of them at least once on the morning of May 3." Id. at 310. In Buckley, the Ninth Circuit found that inmate denied water for eleven hours violated the Eighth Amendment. See 163 Fed. Appx. at 552.

[4] In Hope v. Pelzer, 536 U.S. 730 (2002), cited by the court in Howard, the Supreme Court found an Eighth Amendment violation when prison officials handcuffed an inmate to a hitching post for seven hours under prolonged sun exposure without water or restroom breaks.

de minimis injuries. (ECF No. 59-1 at 18.) 42 U.S.C. § 1997e(e) provides that, "No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." In Oliver, the Ninth Circuit held that § 1997e(e) requires a showing of more than de minimis physical injury in order to recover compensatory damages for mental or emotional injury. See 289 F.3d at 630. The Ninth Circuit clarified that § 1997e(e) only applies to claims for mental or emotional injury: "To the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of these violations, § 1997e(e) is inapplicable and those claims are not barred." Id.

Defendants improperly rely on Oliver in support of their argument that plaintiff's claims of back and leg pain are de minimis and do not raise an Eighth Amendment claim. Defendants conclude their argument regarding Oliver by stating, "And further plaintiff's lack of non-de minimis physical injury bars any claim for 'mental injury.'" (Id.) However, defendants do not address whether plaintiff actually seeks compensatory damages for mental or emotional injuries. For this reason, this Court will not reach this issue.

**C. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity shields an officer from liability even if his or her action resulted from "'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)).

"Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." Robinson v. York, 566 F.3d 817,

821 (9th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001), receded from, Pearson, 555 U.S. at 236 (the two factors set out in Saucier need not be considered in sequence.)). If the answer to either inquiry is no, then the official is entitled to qualified immunity. A right is "clearly established" when, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Defendants argue that they are entitled to qualified immunity. (ECF No. 59-1 at 19-20.) Taking the facts in the light most favorable to plaintiff, for the reasons discussed above, this Court finds that the record contains no evidence that defendants denied plaintiff access to his medication. For these reasons, this Court finds that defendants are entitled to qualified immunity as to this claim.

Taking the facts in the light most favorable to plaintiff, for the reasons discussed above, this Court finds that defendants violated plaintiff's Eighth Amendment rights by confining plaintiff in the holding cell for twelve hours, during which time he could not sit down and suffered back and leg pain, and was denied access to water and a toilet. In the section of the summary judgment motion addressing whether plaintiff's rights were clearly established, defendants argue that given the number of court decisions concerning conditions of confinement that do not violate Eighth Amendment standards, the rights plaintiff alleged were violated would not have been clearly established so that a reasonable official believed under the circumstances that the alleged conduct violated plaintiff's constitutional rights. (Id. at 20.) Defendants fail to address the case law discussing confinement in holding cells. After reviewing this case law, this Court finds that the law was clearly established so that a reasonable correctional officer would know that confining an inmate to a holding cell for twelve hours in the sun, during which time he could not sit down, which caused him back and leg pain, combined with denying plaintiff access to water and a bathroom, violated the Eighth Amendment. See Howard, 2023 WL 9067757, at *4-5 (finding law clearly established that confining plaintiff in shower for eight hours, without access to food, water or a toilet, where he was forced to stand while he suffered severe back pain

violated the Eighth Amendment); Buckley, 163 Fed. Appx. 550 (finding that district court erred in granting summary judgment as to Eighth Amendment claim because "a reasonable jury could infer that Defendants acted with deliberate indifference from Buckley's allegations that Defendants forced him to stand in a weave mesh metal 'cage' for eleven hours wearing nothing but an athletic supporter, and ignored his repeated requests for water and medical care.").[5] Accordingly, defendants are not entitled to qualified immunity as to these claims.

**D. Plaintiff's Opposition**

In his opposition, plaintiff argues that in the summary judgment motion, defendants admit that they violated plaintiff's Eighth Amendment rights. (ECF No. 61 at 4.) Plaintiff refers to defendants' Notice of Motion and Motion for Summary Judgment which states, "This motion is made on the grounds that the Defendants are entitled to summary judgment because the undisputed facts show that the Defendants' actions did not violate Plaintiff's Eighth Amendment rights." (ECF No. 59 at 1.) Plaintiff filed two sur-replies making the same argument. (ECF Nos. 64, 66.) The sentence to which plaintiff refers contains a typographical error as defendants clearly intended to say that they did not violate plaintiff's Eighth Amendment rights. Plaintiff's argument that defendants admit that they violated his Eighth Amendment rights is without merit.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' summary judgment motion (ECF No. 59) be granted as to plaintiff's Eighth Amendment claim based on denial of medication; and defendants' summary judgment motion be denied as to plaintiff's Eighth Amendment claims based on being held in the holding cell for twelve hours, without being able to sit down, and without access to water or a bathroom.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[5] Plaintiff bears the burden of showing that the rights allegedly violated were clearly established. See Gordon v. County of Orange, 6 F.4th 861, 970 (9th Cir. 2021). However, because resolving whether the asserted federal right was clearly established presents a pure question of law, this court "draw[s] on [it's] full 'full knowledge' of relevant precedent[.]" Id.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.sj(4)/2