UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERRERA,<br>Plaintiff,<br>v.<br>LYNCH, et al.,<br>Defendants. | No. 2:24-cv-1660 DJC CSK P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the Court is plaintiff's motion for a preliminary injunction and temporary restraining order filed November 19, 2026. (ECF No. 84.) For the following reasons, this Court recommends that plaintiff's motion for injunctive relief filed November 19, 2026 be denied.

## I. LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.

[1] On October 21, 2026, counsel was appointed for the limited purpose of representing plaintiff at a settlement conference. (ECF No. 77.) The settlement conference has not yet been scheduled.

See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. See Winter, 555 U.S. at 20 (2008). A plaintiff seeking a preliminary injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009).

## II. DISCUSSION

Following summary judgment, this action proceeds on plaintiff's claim that defendants California State Prison-Sacramento ("CSP-Sac") Sergeant Akins, CSP-Sac Correctional Officer Mayfield and CSP-Sac Lieutenant Ronneberg violated the Eighth Amendment on October 3, 2023 by making plaintiff stand in a holding cell for twelve hours without access to water or a bathroom. (ECF No. 76.)

The pending motion for injunctive relief reflects that plaintiff is now housed at Kern Valley State Prison ("KVSP"). (ECF No. 84 at 1.) In the pending motion, plaintiff claims that on August 13, 2026, he was illegally cell extracted and taken to Calipatria State Prison so that he could be killed. (Id. at 2.) Plaintiff claims that when he returned to KVSP, custody staff had been holding plaintiff's package because of the other attempt on his life. (Id. at 2-3.) Plaintiff claims that "they" paid someone to attack plaintiff and then had correctional officers jump on plaintiff. (Id. at 3.) Plaintiff claims that a correctional officer stole plaintiff's package upon plaintiff's return to KVSP. (Id.) Plaintiff requests compensation for his stolen property. (Id.) Plaintiff requests that California Department of Corrections and Rehabilitation ("CDCR") officials be held accountable for their misconduct. (Id. at 4.) Plaintiff requests single cell status. (Id.) Plaintiff requests that prison officials, including defendants, be restrained from putting plaintiff's life in danger. (Id. at 5.) Plaintiff requests that all of his grievances be investigated by the Department of Justice. (Id.) Plaintiff requests that he be given the package that was stolen. (Id.) Plaintiff requests that he be transferred to a lower level medical institution. (Id. at 5-6.)

Plaintiff does not claim that defendants were involved in any of the alleged misconduct

discussed in the pending motion. The claims raised in plaintiff's pending motion for injunctive relief are unrelated to the claims on which this action proceeds. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Center, 810 F.3d 631, 633 (9th Cir. 2015). Plaintiff also appears to seek injunctive relief against individuals not named as defendants. This Court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). For these reasons, plaintiff's motion for injunctive relief should be denied.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 84) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Herr1660.tro(3)/2